UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

STEVEN W. OKKE,                                   Case No. DG 12-04035
                                                  Chapter 13
                Debtor.                           Hon. Scott W. Dales
_____/

STEVEN W. OKKE,

                Plaintiff,                        Adv. Pro No. 13-80061

v.

NOLA J. OKKE,

                Defendant.
_____/

OPINION AND ORDER REGARDING ABSTENTION MOTION

        PRESENT:    HONORABLE SCOTT W. DALES
                    United States Bankruptcy Judge


I. INTRODUCTION

        Chapter 13 Debtor Steven W. Okke filed suit against his ex-wife, Nola J. Okke, to

compel her to turn over specified items of personal property that he argues belongs to him under

the parties' divorce and related property settlement agreement.  Mrs. Okke contends, in contrast,

that Mr. Okke has breached his obligations to her, and that she should be permitted to retain the

property.  She answered her ex-husband's complaint, and filed a motion asking the court to

abstain from hearing this dispute (the "Motion," DN 7) so the parties may resume litigation in

family court.  For the following reasons, the court will deny the Motion.

## II. JURISDICTION

The court has jurisdiction over Mr. Okke's chapter 13 bankruptcy case pursuant to 28 U.S.C. § 1334(a).  The United States District Court has referred the bankruptcy case and related adversary proceedings to the bankruptcy judges of this District pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.).  Because the complaint seeks turnover under 11 U.S.C. § 542, the matter is a statutory core proceeding as enumerated in 28 U.S.C. § 157(b)(2)(E).  Today's decision does not finally resolve any controversy, so for this reason among others, it does not implicate the limitations on the court's authority suggested in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), or *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## III. ANALYSIS

### 1. Background

The facts and procedural background underlying the Motion are not in dispute, as the parties agreed during oral argument on May 15, 2013 in Grand Rapids, Michigan.   Mr. and Mrs. Okke have been involved in a contentious divorce proceeding in Montcalm County Circuit Court ("State Court") culminating in a Confidential Property Settlement Agreement (the "CPSA") and a Judgment of Divorce dated October 27, 2011 (the "JOD").  The CPSA and JOD dissolved the marriage, divided assets, and imposed corresponding obligations, including obligations qualifying as "domestic support obligations" ("DSOs") as defined in 11 U.S.C. § 101(14A). Under the CPSA, Mr. Okke has the obligation to indemnify Mrs. Okke in case of his default in making payment on specified marital obligations, but Mr. Okke retained the business and specified personal property.

Shortly after entry of the JOD, the parties returned to the State Court, at Mrs. Okke's insistence, because she contended that Mr. Okke was in default under the CPSA. After hearing the parties, the Honorable David Hoort orally ruled that he would direct the sale of Mr. Okke's business and other personal property, including the property at issue in the Motion, to satisfy his obligations to Mrs. Okke under the CPSA and JOD.

Before Judge Hoort could enter the order memorializing this decision, however, Mr. Okke filed a voluntary petition for relief under chapter 13, staying the State Court's divorce proceedings, at least to the extent they involved the division of property. *See* 11 U.S.C. § 362(a) & (b)(2). After some initial skirmishing in the bankruptcy court, Mr. Okke proposed, Mrs. Okke tolerated, and the court confirmed, a chapter 13 plan that, as amended, required him to pay Mrs. Okke $1,400.00 each month on account of the DSOs, and make payments to North Pointe Bank "in lieu of an adjustment to his gross or monthly spousal support." *See* Second Amendment to Chapter 13 Plan (DN 118). Despite confirmation, the parties continue to disagree about who should possess certain tools and other equipment (the "Equipment") that the State Court awarded to Mr. Okke under the JOD, but that Mrs. Okke possessed on the petition date. As part of his bankruptcy proceedings, and without objection from Mrs. Okke or any other interested party, Mr. Okke claimed the Equipment as exempt on Schedule C.

The competing rights to possess the Equipment were among the issues dividing the parties when they settled their disagreement regarding the chapter 13 plan confirmation in open court on February 19, 2013. In effect, they agreed to postpone resolution of this aspect of their dispute by acknowledging that Mr. Okke could seek turnover of the Equipment and Mrs. Okke could oppose the request.[1]

---

[1] When the parties settled their contested confirmation hearing, they agreed to address their continuing dispute about the Equipment in a separate proceeding, which at the time took the form of a motion for turnover. Mr. Okke has

Mrs. Okke urges the court to abstain from ruling on Mr. Okke's turnover request under the abstention provisions of 28 U.S.C. § 1334. That section contemplates two categories of abstention, permissive and mandatory. 28 U.S.C. § 1334(c)(1) & (c)(2).

2.  Mandatory Abstention

The court does not regard mandatory abstention as applicable in this proceeding because a request for turnover under 11 U.S.C. § 542 is a core proceeding as enumerated in 28 U.S.C. § 157(b)(2)(E), and courts have generally held that mandatory abstention applies only in non-core related proceedings. *See Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314 (6th Cir. 2006); *DeGirolamo v. Applegate (In re Applegate)*, 414 B.R. 209 (Bankr. N.D. Ohio 2008); *Kmart Creditor Trust v. Conaway (In re Kmart Corporation)*, 307 B.R. 586 (Bankr. E.D. Mich. 2004).

In reaching the decision that mandatory abstention does not apply, the court knows that the parties differ as to the ownership of the Equipment, given the effect of the State Court proceedings and Judge Hoort's oral announcement of his decision to direct the sale of the property.  The court also acknowledges that its rejection of mandatory abstention on the ground that this proceeding is a core proceeding comes perilously close to deciding the merits on a motion about the appropriate forum.  Nevertheless, this close encounter with the merits on a jurisdictional motion is unavoidable in light of the nexus between the core or  non-core nature of a proceeding and mandatory abstention identified in *Lowenbraun*.

First and most generally, the determination of whether a matter is a core proceeding should not depend upon the ultimate outcome of a controversy.  Rather, as the United States

---

since commenced this adversary proceeding under 11 U.S.C. § 542, rather than pursuing his claim as a contested matter.  *See* Fed. R. Bankr. P. 7001(1).

District Courts have done for years with respect to challenges to the amount in controversy under

28 U.S.C. § 1332,[2] the court should initially decide whether a plaintiff's complaint colorably

commences a core proceeding.   The Sixth Circuit offered useful guidance in its *Lowenbraun*

opinion:

> Interpreting § 157(b)(2), this court has held that "[a] core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionary Prods., Inc. v. Heller Financial, Inc.,* 973 F.2d 474, 482 (6th Cir.1992) (holding that an action was a core proceeding where "a successful action on the [ ] plaintiffs' part could have affected the outcome of the bankruptcy proceeding"); *see also In re DeLorean Motor Co.,* 155 B.R. 521, 525 (B.A.P. 9th Cir.1993) (holding that even if a claim fits within the literal language of § 157(b)(2), it will not be considered a core proceeding "if it is a state law claim that could exist outside of bankruptcy and is not inextricably bound to ... a right created by the Bankruptcy Code.") (interpreting *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S. Ct. 2858, 73 L.Ed.2d 598 (1982)).

*In re Lowenbraun*, 453 F.3d at 320.  The reference to a "successful action" directs a court to

consider the possible outcome of the proceeding when making its preliminary decisions about

jurisdiction.  Just as the District Court's denial of a motion to dismiss regarding the amount in

controversy does not guaranty that a plaintiff will recover at least $75,000.00 at trial,[3] the court's

conclusion that the present controversy is a "core" matter does not ensure that Mr. Okke will

recover the Equipment.

Here, Mr. Okke's complaint commences a colorable "core" proceeding as a statutory

matter because (1) the JOD awarded this property initially to him, and the filing of his chapter 13

petition prevented the State Court from modifying that award; and (2) under § 541, all legal and

equitable interests of Mr. Okke in the Equipment were included within the property of the estate.

---

[2] *Southern States Police Benevolent Association, Inc. v. Second Chance Body Armor, Inc.*, 336 F. Supp.2d 731, 733 (W.D. Mich. 2004) ("the amount in controversy is measured at the time the complaint was filed").
[3] 28 U.S.C. § 1332(a).

According to the plan as confirmed, the property of the estate remained vested in the estate notwithstanding confirmation and the default re-vesting provisions of § 1327(b).  So, it is at least colorable that the Equipment is property of the estate.  Mr. Okke as the estate's representative in this respect may seek turnover of that property.[4]   In addition, Mr. Okke has exempted the Equipment without objection.

Although exempt property is not "liable" for most claims in bankruptcy, it remains liable for DSOs and continues to qualify as estate property after exemption, as the Supreme Court's decision in *Schwab v. Reilly*, 130 S. Ct. 2652 (2010), indicates. 11 U.S.C. § 522(c) (effect of exemption); *cf.* 11 U.S.C. § 348(f)(1)(A) ("property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion").

It is true that Judge Hoort announced his intention to direct the sale of the property, but he never entered a written order to that effect.  Because courts "speak through their orders,"[5] the *status quo* as of the filing was that Mr. Okke owned the Equipment which his ex-wife possessed.[6]   Moreover, it is not entirely clear that even if Judge Hoort had entered an order consistent with his oral ruling, it would have re-vested the Equipment in Mrs. Okke. Instead, it might have simply directed that Mr. Okke's property be sold to satisfy his debt to Mrs. Okke, the usual construct in judicial executions and enforcement of security interests. *See* Motion at Exh. 4 (Transcript of Hearing before the Hon. David A. Hoort, held Feb. 3, 2012, at 4:12-16).

---

[4] In chapter 13 cases, the debtor remains in possession of property of the estate and may exercise the authority of a trustee under 11 U.S.C. § 363(b).  *See* 11 U.S.C. §§ 1303 & 1306(b).

[5] *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204 (6th Cir. 1996) (Michigan courts render their judgments when they write them down, not when they pronounce them in open court). Federal courts follow a similar rule. *See* Fed. R. Civ. P. 58(a)(1).

[6] In this respect, she stood in roughly the same position as a creditor who has repossessed a debtor's property but whose efforts to sell it were thwarted by a bankruptcy filing.

Mr. Okke's colorable premise that the Equipment is included within the property of the estate and that turnover under § 542 is a possible outcome on the merits persuades the court that this is a core proceeding, and that mandatory abstention does not apply.

3. Permissive Abstention

Although the court finds mandatory abstention inapplicable, it must nevertheless consider the request for permissive abstention. The applicable statute provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).   Courts have identified a multi-factor test to assist in determining whether permissive abstention is indicated under the circumstances.  In a similar context, the Honorable Phillip J. Shefferly canvassed the following factors and nevertheless concluded that abstention was not indicated:

> (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.

*Andrus v. Ajemian (In re Andrus)*, 338 B.R. 746, 751 (Bankr. E.D. Mich. 2006). Although several factors point in the direction of abstention, others point the opposite way. The most compelling element in favor of abstention is, of course, the nature of the controversy as between two former spouses and the State Court's hegemony over domestic relations matters. Indeed, the United States Bankruptcy Code in several places channels such disputes to the state courts, directly or indirectly. *See, e.g.*, 11 U.S.C. §§ 362(b)(2), 502(b)(5), 522(c)(1), 523(a)(5), 1328(a) and (b)(2).

While acknowledging the traditional role of state courts in domestic relations matters, this court notes that the parties have negotiated extensively regarding the treatment of Mrs. Okke's DSO under the chapter 13 plan, ultimately producing one that obligates Mr. Okke to pay her $1,400.00 each month. Post-confirmation, the plan affects the debtor-creditor aspect of the parties' relationship to a considerable extent. It is true, of course, that the plan also ensures Mrs. Okke's right to return to the State Court to modify the DSO, but at the hearing on this Motion the parties agreed Mr. Okke is presently complying with the terms of the confirmed plan, even though he was tardy in making the most recent payment.

Significantly, although the Code reserves the determination regarding the amount of the DSO to the State Court, it presumptively reserves for the federal courts the division (in the first instance) of former marital property. *See, e.g.*, 11 U.S.C. § 362(b)(2)(a)(iv) (authorizing the state courts to conduct proceedings regarding the dissolution of marriage despite the automatic stay, "except to the extent that such proceeding seeks to determine the division of property that is property of the estate . . ."). So, to the extent that Mrs. Okke seeks to return to the State Court to modify the DSO under the pretext of abstention in this turnover proceeding, it is unnecessary as both the Code and Mr. Okke's chapter 13 plan give her free access to the State Court for that

purpose.    To the extent, however, that she seeks to secure her DSO obligation or sell the Equipment to reduce it, the court is unwilling to permit her to do so at this time because the terms of the confirmed plan provide for her DSO as an unsecured priority claim and, as noted above, Mr. Okke is not yet in default on his obligations to her under the plan. The plan is binding on Mrs. Okke, and the preclusive effect of the plan and confirmation order strongly weigh against abstention. 11 U.S.C. § 1327(a).

Other factors guiding a permissive abstention decision point to federal court.  There is no jury trial right asserted in the State Court, and the legal issues are not unsettled or difficult. The court does not doubt that Mr. Okke went forum shopping after Judge Hoort announced his decision to sell, but many debtors do, and certainly Mrs. Okke is shopping around, too.  This is not an unusual case in that respect, and the forum shopping factor is neutral.  The court predicts no significant burden on its docket as a result of this proceeding, particularly given the professionalism of both advocates.  The bankruptcy issues involving federal exemption rights and the preclusive effect of a chapter 13 plan are as likely to factor into the decision as state property rights.  Bankruptcy courts routinely handle both.

On balance, the court is not persuaded to abstain under 28 U.S.C. § 1334(c)(1).

## IV. CONCLUSION

This court respects the State Court's role in domestic relations matters, and will not stand in the way of the exercise of that court's authority to modify Mr. Okke's  domestic support obligations. Moreover, if Mr. Okke fails to live up to his obligations to Mrs. Okke under the plan, the court will not hesitate to enforce the DSO or permit the State Court to do so. Nevertheless, with a binding plan in effect and in the absence of default, the court is not inclined

to embroil the State Court in the confusion that will likely follow if both court systems simultaneously try to address the creditor-debtor aspects of the parties' unhappy relationship. For these reasons, the court will retain jurisdiction.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 7) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon William J. Napieralski, Esq., and Perry G. Pastula, Esq.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated May 28, 2013**



Scott W. Dales
United States Bankruptcy Judge