UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

STEVEN W. OKKE,                                          Case No. DG 12-04035
                                                        Chapter 13
          Debtor.                                       Hon. Scott W .Dales
_____/

STEVEN W. OKKE,                                          Adv. Pro. No. 13-80061

          Plaintiff,

v.

NOLA J. OKKE,

          Defendant.

_____/

MEMORANDUM OF DECISION
AND ORDER REGARDING SUMMARY JUDGMENT MOTIONS

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

          This matter comes before the court after a contentious divorce in Montcalm
County and a Confidential Property Settlement Agreement ("CPSA") executed between
the parties, purportedly to resolve their disputes.  Chapter 13 debtor Steven W. Okke (the
"Plaintiff") now seeks an order requiring his ex-wife, Nola J. Okke (the "Defendant"), to
return certain property awarded to him as agreed in the CPSA (the "Property").

          After an opportunity for discovery in the bankruptcy proceedings, the Plaintiff
filed a motion for summary judgment (the "Motion," DN 24), and the Defendant filed her
response and cross-motion (the "Cross-Motion," DN 25).  The court heard oral argument
on October 2, 2013 in Grand Rapids, Michigan, and announced its decision at that time.
This Opinion supplements the court's oral ruling.

The CPSA awarded the Property to the Plaintiff, "excepting enforcement of provisions set forth in [the] judgment of divorce." *See* Cross-Motion at Exhibit 2, p. 7, Sec. II (D)(2)).

The Plaintiff filed a chapter 13 bankruptcy petition and, later, this adversary proceeding against the Defendant for turnover of the Property listed in Exhibit A to the complaint. The parties agree that much of the Property remains in the Defendant's possession. The Plaintiff contends that the Defendant has offered no defense to his demand for turnover under § 542. In his Brief in Support of the Motion (DN 23) the Plaintiff now also alleges that the Defendant has violated the automatic stay under § 362 by selling some of the Property, including an aquarium and fish.

In her Cross-Motion, the Defendant claims that she has been retaining possession of the Property to maintain perfection of the security interest she claims under the CPSA. She relies on M.C.L. § 440.9313(1) for the proposition that in order to maintain perfection of a security interest in the Property she must continue her possession of the collateral. She argues that under § 362(b)(3), she could do this without violating the automatic stay. Therefore, she counters that she is entitled to summary judgment, and continued possession, as a matter of law.

The court notes, however, that the thrust of the Plaintiff's complaint is his request for turnover under § 542, rather than contempt of the automatic stay under § 362, so the court's analysis begins with the turnover provisions. Section 542 states in pertinent part:

> [A]n entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . . or that the debtor may exempt . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). The statute includes no conditions or applicable exceptions to the general requirement of delivery. Consequently, whether the Defendant claims a lien in the Property or is exercising "self-help" to guarantee payment from the Plaintiff, she is still required to turn over the Property to the estate's representative.

Furthermore, because the Defendant claims a lien in the Property, she is effectively admitting that the Property belonged to the Debtor during her continued retention, and under § 541, was included within the Debtor's bankruptcy estate. The Debtor's confirmed plan did not revest the Property in the Debtor, so it remains within the estate. A chapter 13 debtor generally remains in possession of estate property and has

authority to use it under § 363(b).  *See* 11 U.S.C. §§ 1303 (rights and powers of debtor) & 1306(b) (debtor remains in possession).  Section 542 does not excuse secured creditors or would-be secured creditors from the duty to deliver estate property to the trustee or, as in this case, the debtor in possession.  Strictly speaking, it does not permit them to condition delivery upon terms they set to protect their interests, *In re Sharon*, 234 B.R. 676, 682-83 (6th Cir. BAP 1999), though courts are mindful of the requirement of adequate protection.  *See* 11 U.S.C. §§ 361 & 363(e).

Although the court is not aware of any pending motion from the Defendant for adequate protection of her recently asserted security interest, during the hearing the court announced its intention to protect whatever interest she may have in the Property by estopping the Plaintiff from contending that the Defendant forfeited her perfection by relinquishing possession pursuant to the court's order.[1]  In addition, although the court will permit the Defendant to use the Property, it will preclude him from selling, disposing of, or otherwise transferring the Property without a court order, either from this court or another court of competent jurisdiction (such as the Montcalm County Circuit Court if the case returns to that forum).

Accordingly, the court will grant the Plaintiff's Motion as to his request for turn over pursuant to § 542, and deny the Defendant's Cross-Motion.

As for the Plaintiff's recent articulation of his claim alleging that the Defendant violated the automatic stay under § 362, there is no such count in his complaint.  Moreover, it is conceivable the Defendant can establish that the CPSA memorialized a transaction "regardless of its form" that created a security interest in the Property to secure the Plaintiff's obligations.  *See* M.C.L. § 440.9109 (scope of Article 9); *Id.* § 440.9203 (attachment).  The term "security interest" means "an interest in personal property or fixtures which secures payment or performance of an obligation."  M.C.L. § 440.1201(2)(ii).  The Defendant is certainly claiming an interest in the Property (which is personalty) to secure her ex-husband's obligations under the CPSA.  Whether this is a fair interpretation or intended effect of the CPSA is a question the court cannot decide on the present record.

Finally, if the Defendant has a security interest in the estate's goods, state law clearly permits her to perfect her interest by possession.  The court is not certain, however, whether the Defendant's reliance on § 362(b)(3) will ultimately shield her from liability for contempt sanctions or damages under § 362(k), as the parties have not

---

[1] At the hearing, the parties agreed that if the Defendant turned over the Property to the Plaintiff, he would not argue that she thereby lost perfection of any claimed security interest in the Property.

adequately briefed the scope of § 362(b)(3) and its relationship to § 546(b).[2] Perhaps the Defendant's argument is colorable enough to preclude a finding of contempt or damages for any stay violations, but the court will not decide that issue today. Certainly, given the losses that the Defendant has incurred as a result of the Plaintiff's inability to honor his obligations under the CPSA, and given the Plaintiff's present default under the terms of his confirmed chapter 13 plan, the Defendant's efforts to secure her ex-husband's performance seem understandable.

Consequently, the court will deny the Plaintiff's Motion to the extent premised on the Defendant's supposed violations of the automatic stay.

After the Defendant has turned over the Property and filed an accounting with the court as directed in this Order, the court will conduct a pretrial conference to determine what issues remain for trial.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Plaintiff's Motion (DN 24) is GRANTED as to 11 U.S.C. § 542 but DENIED as to § 362(k);
2. The Defendant's Cross-Motion (DN 25) is DENIED;
3. The Defendant shall turn over the Property to the Plaintiff that is listed in Exhibit A to the Plaintiff's complaint (and that remains within her actual or constructive possession) within seven (7) days after the entry of this Order;
4. The Defendant shall file an accounting with the court within seven (7) days after the entry of this Order, for any of the Property listed in Exhibit A to the Plaintiff's complaint that she has not turned over to the Plaintiff;
5. The Plaintiff shall not sell, transfer, or otherwise dispose of any Property that the Defendant delivers, without first obtaining court approval;

---

[2] The reference in § 362(b)(3) to § 546(b) would seem to require the Defendant to identify a generally applicable law authorizing her perfection by possession to relate back in time. Generally speaking, although "possessory liens" may prime existing security interests, the priority of other security interests perfected by possession dates from the moment of possession, without relating back to an earlier point in time. *Compare* M.C.L. § 440.9333 *with Id.* §§ 440.9313(4) ("perfection occurs no earlier than the time the secured party takes possession") & 440.9322(1)(a) (in general, "[p]riority dates from the earlier of the time a filing . . . is first made or the security interest or agricultural lien is first perfected . . ."); *cf. In re Vega*, 2013 WL 3157516, Slip Op. No. 12–57540  (Bankr. E.D. Mich. June 20, 2013) (§ 362(b)(3) protects holder of possessory lien from damages for stay violation because possessory lien takes priority over preexisting liens under M.C.L. § 440.9333(2), and thus meets the test of § 546(b)).

6.    A pretrial conference will be held in Grand Rapids (One Division Ave. N., Grand Rapids, MI) on November 6, 2013, at 11:00 A.M.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Steven W. Okke, William J. Napieralski, Esq., Nola J. Okke, Perry G. Pastula, Esq., and Brett N. Rodgers, chapter 13 Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 7, 2013**



Scott W. Dales
United States Bankruptcy Judge